IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMANDA DAWN MCFADDEN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 12-0680-WS-B |
| GARY LOGAN, etc., et al., | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the defendants' motion for extension of time. (Doc. 6).  It appears that service was accomplished by certified mail on November 1, 2012. (Doc. 5).[1]  Accordingly, the defendants' response to the complaint was due November 22, 2012.  Fed. R. Civ. P. 12(a)(1)(A)(i).  On December 14, 2012, some 22 days after this deadline passed, the defendants filed the instant motion.  The defendants request another 21 days, through January 4, 2013, in which to file their response to the complaint – a total of 64 days, or 43 days more than the 21 to which they are entitled as of right.  Their grounds are:  (1) local counsel has just been hired; (2) the parties are endeavoring to settle the matter; and (3) the plaintiff does not object.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  Whether "excusable neglect" exists under Rule 6(b) is to be evaluated under the standard set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507

---

[1] There is some question whether the plaintiff's mode of service actually complies with the relevant rules for serving process but, since the defendants do not suggest that service is improper, the Court assumes it was perfected on the day reflected on the green card.

U.S. 380 (1993).[2]  Under *Pioneer*, the factors governing the excusable neglect analysis include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id*. at 395.  The Court has been given no reason to doubt the defendants' bona fides, and the plaintiff's agreement to the extension negates any suspicion of prejudice to her.  The length of the delay is unusually high but, given the early stage of the proceedings, should have little impact on them.

The Court pauses to consider the reason for the delay.  Defendants are not at liberty to ignore judicial process and are expected to act with diligence in securing counsel.  And certainly, if the defendants obtained counsel previously but delayed only in obtaining local counsel (as the motion suggests), that delay does not support a finding of excusable neglect.[3]  The defendants are vague as to when settlement discussions began, but the same admonition applies; a defendant, and especially a represented defendant, is not free to ignore judicial deadlines sub silentio merely because it prefers an informal resolution of the dispute.  The Court applauds efforts to settle controversies amicably, but once a complaint is filed and service obtained, settlement and litigation are simultaneous tracks, not sequential ones.

On the whole, the Court concludes that an adequate showing of excusable neglect, as interpreted by the *Pioneer* Court, has been made.  *See In re:  Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003) ("[T]he absence of prejudice to the nonmoving party and to the interest of efficient judicial administration are of primary importance ….") (internal quotes omitted).

---

[2] *See, e.g., Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998); *Glover v. City of Pensacola*, 372 Fed. Appx. 952, 955 (11th Cir. 2010).

[3] Several circuits have affirmed post-*Pioneer* that a lawyer's busy schedule does not constitute excusable neglect.  *See United States v. Mitchell*, 464 F.3d 1149, 1151 (10th Cir. 2006), *vacated on other grounds* 127 S. Ct. 2973 (U.S. 2007); *Stonkus v. City of Brockton School Department*, 322 F.3d 97, 101 (1st Cir. 2003); *In re: Goldblatt*, 2001 WL 1268921 at *2 (5th Cir. 2001); *Milligan v. Tupperware Worldwide, Inc.*, 1998 WL 538116 at *2 (2nd Cir. 1998); *Reynolds v. Wagner*, 1997 WL 423012 at *2 & n.2 (9th Cir. 1997).

As to the length of the extension, neither the parties' settlement negotiations nor the defendants' delay in securing counsel (or local counsel) justifies a three-week extension on top of the six weeks the defendants have already taken. Nor, of course, does the acquiescence of the plaintiff.[4] Nevertheless, indulging the assumption that local counsel is now lead counsel, and recognizing the work disruptions incident to the approaching holiday season, the Court will allow the full requested extension of time. No further requests will be considered absent unusual circumstances.

For the reasons set forth above, the motion for extension of time is **granted**. The defendants are **ordered** to file and serve their response to the complaint on or before **January 4, 2013**.

DONE and ORDERED this 17th day of December, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] See *Vision Center Northwest, Inc. v. Vision Value, LLC*, 2008 WL 5191456 at *2 (N.D. Ind. 2008) (the agreement of counsel does not constitute the "good cause" required by Rule 6(b)).