IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMANDA DAWN MCFADDEN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 12-0680-WS-B |
| GARY LOGAN, etc., et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to dismiss counterclaim. (Doc. 10). The defendants[1] have filed a response and the plaintiff a reply, (Docs. 12, 15), and the motion is ripe for resolution.

## BACKGROUND

The plaintiff brought this action under the Fair Debt Collection Practices Act ("the Act"), alleging that the defendants violated the Act in the course of attempting to collect an alleged debt, which is not further identified. (Doc. 2). In its counterclaim, (Doc. 19 at 6-9), Dynamic Values Corp. ("Dynamic") alleges that the underlying debt was originally

---

[1] The number and identity of the defendants is not yet clear. The style of the complaint reads, "Gary Logan, a/k/a, d/b/a Dynamic Values Corp., Defendant(s)." (Doc. 2 at 1). Although Dynamic Values Corp. ("Dynamic") uses a corporate identifier, the complaint alleges that Dynamic is "an illusory corporation." (*Id*. at 3). Nevertheless, the complaint also alleges that Dynamic is a "business entity," (*id*. at 1), and Logan is alleged to be "an officer, director, managing agent, or general agent" of this business entity. (*Id*. at 2). Moreover, the complaint demands judgment against "the defendants," in the plural. (*Id*. at 5). The plaintiff now asserts that Dynamic "is a sham and simply a d/b/a of Mr. Logan," (Doc. 15 at 1), but his complaint paints a more complicated picture. On the other side, the answer is filed by Logan only, but the counterclaim is filed by Dynamic only (a difficult trick if Dynamic is not a defendant). The Court expects the parties in due course to reach agreement as to the identity of the party or parties, or at least be able to articulate clearly their positions on this issue and the evidence supporting them. For present purposes, the Court will assume that both Logan and Dynamic are parties defendant.

owed by the plaintiff to one Mr. Pignatello, who sued to recover an engagement ring he presented the plaintiff, which she later sold. Pignatello received a $14,000 judgment in Virginia state court, then assigned the judgment to Dynamic. The counterclaim is brought to domesticate the Virginia judgment such that it would operate as an offset to any judgment in favor of the plaintiff.

## DISCUSSION

The plaintiff's primary argument is that the Court lacks jurisdiction over the counterclaim. (Doc. 10 at 2-5). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd .v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Dynamic thus bears that burden as to its counterclaim.

Because the amount in controversy lies far below $75,000, and because no federal question is presented, the Court has no original jurisdiction over the counterclaim. Dynamic's single argument is that its counterclaim is compulsory, such that no independent jurisdictional basis is required. (Doc. 12 at 3-4).

To be compulsory, Dynamic's counterclaim must "aris[e] out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). The Eleventh Circuit utilizes the "logical relationship" test for determining whether Rule 13(a) is triggered. *Republic Health Corp. v. Lifemark Hospitals, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id*. Dynamic recognizes this as the governing test. (Doc. 12 at 3).

Dynamic's counterclaim fails this test. The operative facts supporting the plaintiff's claim under the Act are that the defendants sent her a letter threatening to communicate false information to credit reporting agencies; threatening to take legal action when no such action was intended; and threatening criminal conduct. (Doc. 2 at 3-

2

4). The operative fact supporting the counterclaim is that Dynamic has a foreign judgment it wishes to domesticate. The operative facts are not the same; they are not even close. Nor do the facts upon which the federal claim rests activate some otherwise dormant right to domesticate a judgment.

Dynamic notes that both its letter and its counterclaim are efforts to enforce the same judgment. (Doc. 12 at 3-4). The existence of a judgment, however, is irrelevant to the plaintiff's claim under the Act. Dynamic argues that its counterclaim is in the nature of recoupment, but it admits that recoupment is a "subset of compulsory counterclaims" and thus subject to the same "logical relationship" test. (*Id.*). Finally, Dynamic suggests that "logical relationship" should be redefined to encompass whatever "justice, judicial economy, common sense and logic demand," (*id*. at 4), but the Court must use the definition announced by the Eleventh Circuit.

The plaintiff in her brief acknowledged that some courts have held that at least some permissive counterclaims may lie within a court's supplemental jurisdiction under Section 1367(a). (Doc. 10 at 3-5).[2] Dynamic, however, declined to assert that jurisdiction over its counterclaim could be sustained on this basis, and the Court will not address such an argument sua sponte on Dynamic's behalf.[3]

**CONCLUSION**

For the reasons set forth above, the plaintiff's motion to dismiss counterclaim is **granted**. Dynamic's counterclaim is **dismissed**.[4]

DONE and ORDERED this 19th day of February, 2013.

                              s/ WILLIAM H. STEELE
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court has recently addressed this issue. *See Shepherd v. Kelley*, 2013 WL 105284 at *1-2 (S.D. Ala. 2013).

[3] The Court has and expresses no opinion whether such an argument would have fared better than the argument Dynamic did raise.

[4] The plaintiff's renewed motions to dismiss, (Docs. 22-23), are **denied as moot**.